IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-CR-40014-SMY |
| PEJMAN KAMKARIAN, | ) ) ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Defendant Pejman Kamkarian's Motion to Compel Access to Discovery (Doc. 37). Defendant asserts that he is not being provided an opportunity to inspect discovery materials located in Springfield, Illinois and seeks to compel the Government to transport the materials to a more convenient location in the St. Louis area. The Government filed a Response (Doc. 39). For the following reasons, the Motion is **DENIED**.

### Background

A grand jury returned an indictment charging Defendant with a single count of possession of child pornography (Doc. 1). The indictment arose from an investigation the Federal Bureau of Investigation ("FBI") conducted from its local satellite office in Marion, Illinois under supervision from the FBI's main office in Springfield, Illinois. Pursuant to FBI standard operating procedures, evidentiary materials related to child pornography are stored at the vault in the Springfield headquarters pending trial. The evidence in this case consists of computer storage devices seized from the defendant during the execution of a search warrant.

Defendant has retained an expert to perform a computer forensics examination of the computer storage devices. The expert would prefer to examine the evidence at a federal law enforcement location in the St. Louis metropolitan area and estimates that it will cost Defendant approximately 3 times more money if he is required to complete his examination in Springfield. The Government has agreed to provide access to the material, but only at the FBI's Springfield headquarters. Defendant seeks an order compelling the Government to transport the evidence to a facility that is more convenient and less expensive for the Defendant.

## Discussion

Generally, Federal Rule of Criminal Procedure 16 requires the Government to permit a defendant to inspect and copy any documentary evidence the Government intends to use at trial. Fed. R. Crim. P. 16(a)(1)(E). The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509, provides that child pornography "shall remain in the care, custody, and control of either the Government or the court" following seizure in any criminal proceeding. The statute expressly directs courts to deny any requests by the defendant to copy or in any way reproduce such material, "so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). Material is "reasonably available" for purposes of the Act if "the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." *Id.* § 3509(m)(2)(B); *see United States v. Jarman,* 687 F.3d 269, 271 (5th Cir. 2012)("As stated explicitly by Congress, when the government makes child pornography material available for examination at a government facility, that *is* reasonable availability, and the only issue to be resolved pretrial relating to § 3509(m) discovery is whether the government inspection

conditions imposed on a defendant's access at that facility do not provide ample opportunity to inspect, view, or examine the material")(emphasis in original).

Here, the Government has agreed to give Defendant's expert an opportunity to review and analyze the evidence at the FBI's main headquarters located in Springfield, Illinois. But Defendant objects on the basis that the costs of performing the forensic evaluation in Springfield, Illinois are significantly higher than performing the analysis in the St. Louis area because Defendant will incur full-day expenses for his expert instead of an hourly rate. Such financial-based arguments have been rejected by numerous courts. *See United States v. Flinn,* 521 F. Supp. 2d 1097, 1102–03 (E.D. Cal. 2007) ("While a defendant is entitled to a defense which comports with due process, he is not entitled to the best defense money can buy*:* the fact that some extra cost will be incurred because of § 3509(m) was surely something that Congress considered); *United States v. O'Rourke,* 470 F.Supp.2d 1049 (D. Ariz. 2007)(finding that Defendant was provided ample opportunity despite costs and difficulty arising from experts having to travel from Ohio to Arizona to inspect hard drive); *United States v. Bortnick,* 2010 WL 935842, at *3 (D. Kan. 2010) (collecting cases).

Moreover, there is no indication that the Government is imposing conditions on Defendant's expert that will deny him an ample opportunity to examine the material or render it not reasonably available to him. Rather, the Government asserts that defense counsel and the expert will be permitted to inspect, view and examine the material at the FBI's main headquarters in Springfield. Illinois pursuant to standard FBI procedures for discovery of digital evidence that contains contraband.

The inconvenience and costs associated with Defendant's expert having to spend several days in Springfield, Illinois cannot be said to deny Defendant ample opportunity to inspect the material. Accordingly, Defendant's Motion to Compel is denied.

**IT IS SO ORDERED.**

**DATED: October 18, 2019**

**STACI M. YANDLE**
**United States District Judge**